This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                    No. 33,796

MONICA GARCIA,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Christina P. Argyres, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

SUTIN, Judge.

{1} Defendant appeals from an on-the-record district court judgment affirming her driving while intoxicated (DWI) conviction. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2} Defendant continues to argue that the evidence was insufficient to support her conviction. [MIO 9] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{3} In order to convict Defendant of DWI, the evidence had to show that Defendant was under the influence of intoxicating liquor while operating a motor vehicle and that this affected her ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2010); UJI 14-4501 NMRA. Here, Defendant is specifically challenging evidence with respect to the "operating a motor vehicle" element. [MIO 9] Both Defendant and a passenger in the vehicle testified that Defendant did not drive the car, but instead jumped into the driver's seat after the vehicle had come to a stop. [MIO 4-8] However, the judge, sitting as fact-finder in this bench trial, specifically rejected the credibility of this testimony. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to

reject a defendant's version of events). Instead, the judge relied on the officer's testimony that indicated that Defendant was driving the vehicle, namely, that he observed her through the driver's side window and that she was in the driver's seat with the vehicle running when the vehicle was stopped by the officer. [DS 3] *See generally State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 28, 148 N.M. 702, 242 P.3d 269 (observing that direct evidence is not required to support a conviction for DWI and noting that circumstantial evidence may be relied upon to establish that the accused actually drove while intoxicated). Although Defendant continues to argue that her testimony should have been believed, the fact-finder was free to reject Defendant's version of events. *See Sutphin*, 1988-NMSC-031, ¶ 21.

{4}     For the foregoing reasons, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**